**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

JUL 0 3 2002

**LARRY W. PROPES, CLERK**
**U. S. DISTRICT COURT**

| | | |
|---|---|---|
| William Gregg, Jr., | ) | C/A No. 6:02-2106 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Order |
| | ) | |
| Pfizer, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

It appears from financial information submitted that the plaintiff in this civil action should be relieved from any obligation to pay a filing fee. Authorization to proceed without prepayment of fees and costs is granted, subject to the court's right to require a payment if the plaintiff's financial condition changes, and to tax fees and costs against the plaintiff at the conclusion of this case if the court finds the case to be without merit. Flint v. Haynes, 651 F.2d 970, 972-974 (4th Cir. 1981), *cert. denied*, 454 U.S. 1151 (1982).

Service of process upon the defendant is authorized. The Clerk of Court is directed to issue the summons, and to forward a copy of the complaint and the Form USM-285 to the Marshal for service of process. The Marshal shall serve the complaints upon the defendant. The Clerk of Court may sign the Form USM-285 on behalf of the plaintiff.

**The defendant and its attorney(s) are, hereby, notified that all dispositive motions from the defendants must be filed *no later than* forty-five (45) days after the answer on behalf of that particular defendant has been filed. Hence, with respect to the filing of dispositive motions, this order is also a scheduling order. Forstmann v. Culp, 114 F.R.D. 83, 1987 U.S.Dist. LEXIS® 1244 (M.D.N.C. 1987).**

The Clerk of Court is directed to attach a copy of this order to the copy of the complaint to be served upon the defendant. *This is in addition to the copy of this order routinely provided to the United States Marshal.* Thereby, the defendant and its attorney(s) will know that any dispositive motions must be filed no later than forty-five (45) days after the answer is filed.

The plaintiff is a *pro se* litigant. His attention is directed to the following important notice:

**TO THE PLAINTIFF:**

> You are ordered to always keep the Clerk of Court advised in writing (**Post Office Box 10768, Greenville, South Carolina 29603**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are

required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address. Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

The plaintiff is, hereby, informed that if his address changes in the future, he must provide *his* address. Hence, the Office of the Clerk of Court shall *not* enter any change of address submitted by the plaintiff which directs that mail be sent to a person other than the plaintiff unless that person is an attorney admitted to practice before this court, and the attorney has entered an appearance.

IT IS SO ORDERED.

July 3, 2002
(Date)
Greenville, South Carolina

William M. Catoe
United States Magistrate Judge